IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV272-03-MU

| | |
|---|---|
| LOY ALEXANDER WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| OFFICER A. JORDAN ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed July 6, 2009. (Document No. 1.)

Plaintiff alleges that on or about May 14, 2009 Officer A. Jordan came into his cell for a "shakedown." During Officer Jordan's inspection of Plaintiff's cell, Officer Jordan found extra towels, juice which was taken from the food cart without permission and "excessive amounts" of soap and toothpaste. Plaintiff contends that when he asked Officer Jordan how much toothpaste and soap was excessive, Officer Jordan directed Plaintiff to put his back on the door. Plaintiff responded that he wanted to see what Officer Jordan was taking from his cell. Plaintiff contends that Officer Jordan then assaulted him in his cell by pushing him into the wall, spraying him the face with pepper and then handcuffing him. Plaintiff further alleges that he was sprayed again in the face after he was handcuffed and that Officer Jordan pushed his face into the wall. (Complaint at 3.) Plaintiff does not allege any injuries as a result of this assault. By way of relief asks for punitive and monetary damages in the amount of "no less than $100,000 dollars."

1

Plaintiff contends that Officer Jordan violated his rights under the Eighth Amendment.[1] When officials are accused of using excessive force, the proper inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). In addition, a plaintiff alleging an excessive force claim is also required to allege something more than a de minimus injury. Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994); Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997). Plaintiff did not allege any injuries in his Complaint. Taking all of Plaintiff's allegations as true, the "assault" he describes in his Complaint does not rise to the level of a Constitutional claim because he does not allege anything more than a de minimus injury as is required. Therefore Plaintiff's Complaint is dismissed for failure to state a claim for relief.

**SO ORDERED**.

Signed: July 7, 2009

Graham C. Mullen
United States District Judge

---

[1] Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520 n.16 (1979). However, as a practical matter, the contours of the Due Process Clause in this context tend to be co-extensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1992) (excessive force claim).